FILED
NOV 13 2019
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

YUSUF O. BUSH,            )
                          )
        Plaintiff,        )
                          )
   v.                     )   Civil Action No. 1:19-cv-02500 (UNA)
                          )
U.S. DISTRICT COURT       )
CLERKS OFFICE,            )
                          )
        Defendant.        )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application and dismiss the case pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), mandating dismissal of a complaint which fails to state a claim upon which relief can be granted.

Plaintiff is a federal inmate currently designated to the U.S. Penitentiary located in Lewisburg, Pennsylvania. He initially sued the Clerk of this Court and has since filed a motion to amend the complaint caption, ECF No. 5, requesting to change the named defendant to "United States," ECF No. 5, which would be of no substantive consequence. While the complaint is far from a model in clarity, it appears that plaintiff is aggrieved regarding a habeas brief, *see* 28 U.S.C. § 2254, allegedly mailed to this Court in late November 2018. *See* ECF No. 1-1 at 1–2. While it appears that the mailroom did receive a mailing from plaintiff on December 3, 2018, *see* ECF No. 1-2, the ostensible filing was not docketed. This is likely because there were one or more deficiencies with the proposed filing, which would have caused the filing to be returned to plaintiff. Plaintiff requests "injunctive relief," ECF No. 1 at 2, and asks the Court to docket the brief, noting

1

the date of receipt, ECF No. 1-1 at 8, however, he does not provide a copy of the proposed pleading, and the Court does not generally retain copies of returned mailings.

The Court "shall dismiss" an action in which a plaintiff is proceeding *in forma pauperis* "at any time if the court determines that ... (B) the action ... (ii) fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2). A court's *sua sponte* consideration of dismissal the *in forma pauperis* statutes is akin to evaluation of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. The Federal Rules of Civil Procedure require of a complaint is that it contain " 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8(a). Although "detailed factual allegations" are not necessary, to provide the "grounds" of "entitle[ment] to relief" a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555–56. To sufficiently state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Even in affording plaintiff "the benefit of all inferences that can be derived from the facts alleged," *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994), the complaint fails to adequately state a civilly actionable claim or the grounds upon which it rests. To the extent that

plaintiff attempts to bring a First Amendment claim relating to lack of access to the courts,[1] *see* ECF No. 1-1 at 4–5, he has also failed. "No [] injury exists if a plaintiff can still meaningfully press his underlying claims because the plaintiff is not being 'presently den [ied] an opportunity' to meaningfully litigate, even in 'the short term.'" *Broudy*, 460 F.3d 106, 121 (D.C. Cir. 2006) (quoting *Christopher v. Harbury*, 536 U.S. 403, 413 (2002)). Plaintiff has subsequently filed a 28 U.S.C. § 2254 habeas action which is currently pending in this Court. *See Bush v. Ebbert*, No. 19-cv-01870 (KBJ) (D.D.C. filed Jun. 21, 2019). Therefore, he has not been denied an opportunity to meaningfully litigate.

Plaintiff has failed to state a claim upon which relief may be granted. Additionally, plaintiff has failed to plead sufficient facts to support a basis for subject matter jurisdiction, as he has failed to state a federal question or to establish diversity jurisdiction. The complaint is therefore subject to dismissal. Plaintiff's motion for preliminary injunction and motion to amend will be denied as moot. A separate order accompanies this memorandum opinion.

Date: November 8, 2019

United States District Judge

---

[1] Plaintiff seeks only injunctive relief. ECF No. 1 at 2. "Historically, damages have been regarded as the ordinary remedy for an invasion of personal interests in liberty." *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 394–95 (1999). Here, a cause of action would be supplied by *Bivens*, and such actions are for damages and cannot be viewed as actions against the government. *Simpkins v. District of Columbia Government*, 108 F.3d 366, 369 (D.C. Cir. 1997). "It is damages or nothing." *Bivens*, 403 U.S. at 410.